# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5676 | **DATE** | 9/8/2011 |
| **CASE TITLE** | Cassandra Walls (41374-424) vs. Michael P. Gillespie | | |

**DOCKET ENTRY TEXT**

The complaint is dismissed without prejudice. The clerk is instructed to close this case. Civil Case Terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Casandra Walls has brought this civil suit against her former criminal defense attorney Michael G. Gillespie alleging that he was ineffective for failing to challenge sentencing errors in her criminal case. She seeks five million dollars from Mr. Gillespie.

Plaintiff pled guilty to one count of wire fraud, 18 U.S.C. § 1343, and one count of aggravated identity theft, 18 U.S.C. § 1028A(a)(1), and was sentenced to 55 months of imprisonment before Judge Bucklo. *United States v. Walls*, No. 09 CR 565-1 (N.D. Ill.). On August 11, 2011, plaintiff filed a counseled motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. *United States v. Walls*, No. 11 C 5431 (N.D. Ill.) (Bucklo, J.). The § 2255 collateral attack raises the same ineffective assistance of counsel claims regarding Mr. Gillespie performance presented in this case.

Mr. Gillespie was appointed to represent plaintiff in her criminal case. A private attorney appointed to represent a criminal defendant is not acting as a government official, and cannot be sued for a federal law violation under either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Names Agents*, 403 U.S. 388 (1971). *Richards v. United States*, No. 08 C 6810, 2009 WL 2985945, *6 (N.D. Ill. Sept. 11, 2009) (citations omitted). Plaintiff cannot raise a federal law claim against Mr. Gillespie.

Illinois state law provides a cause of action for legal malpractice, but a potential claim is unavailable to plaintiff at this time. *Herrera-Corral v. Hyman*, 948 N.E.2d 242, 244-45 (Ill. App. Ct. 2011) (citations omitted). (Diversity jurisdiction, 28 U.S.C. § 1332, is possible in this case because Mr. Gillespie is an Illinois lawyer in Chicago and plaintiff is incarcerated in Kentucky). A legal malpractice claim is synonymous with an ineffective assistance of counsel claim. *Praxair, Inc. v. Hinshaw & Culbertson*, 235 F.3d 1028, 1032 (7th Cir. 2000) (applying Illinois law).

| STATEMENT |
|---|

Traditionally, a plaintiff raising a malpractice claim arising out of a criminal prosecution must also demonstrate that she was actually innocent of the crime. *Winniczek v. Nagelberg*, 394 F.3d 505, 507 (7th Cir. 2005) (applying Illinois law). In the instant case, plaintiff is alleging that Mr. Gillespie's malpractice resulted in an unlawful sentence. Thus, the actual innocence rule is inapplicable because plaintiff is not alleging that she was wrongfully convicted of crime due to Mr. Gillespie's malpractice. *Herrera-Corral*, 948 N.E.2d at 246.

Avoiding the actual innocence requirement does not get plaintiff all the way home. As mentioned above, the elements of legal malpractice and ineffective assistance of counsel are the same for collateral estoppel purposes. *Griffin v. Goldenhersh*, 752 N.E.2d 1232, 1238 (Ill. App. Ct. 2001). Collateral estoppel is applied from the findings of the criminal conviction and sentence to any potential legal malpractice claim. *Id*. The malpractice claim does not accrue until the criminal conviction or sentence at issue has been overturned. *Woidtke v. St. Clair County, Illinois*, 335 F.3d 558, 562-63 (7th Cir. 2003) (applying Illinois law). The Appellate Court of Illinois in *Lieberman v. Liberty Healthcare Corp.*, 948 N.E.2d 1100, 1107-08 (Ill. App. Ct. 2011), explained that this rule for legal malpractice claims is identical to the rule of *Heck v. Humphrey* of a plaintiff may not bring a 42 U.S.C. § 1983 suit when success would "necessarily imply the invalidity of his conviction or sentence." 512 U.S. 447, 487 (1994).

This rule defeats a potential state law malpractice claim. Plaintiff has recently brought a companion § 2255 motion to the present case raising the same ineffective assistance of counsel arguments. Under Illinois law, plaintiff may not bring an malpractice claim regarding Mr. Gillipse's performance until the associated sentence has been overturned. The § 2255 motion must be adjudicated before this suit may be brought. As any legal malpractice claim has not yet accrued, there is no statute of limitations concern and dismissal of the complaint without prejudice is appropriate.